IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JOHNNIE JAY WESLEY DORSEY, JR.

Plaintiff,

v.

JOHN F. KELLY, et al.

Defendants.

CIVIL NO. 17-1542 (PAD)

## OPINION AND ORDER

Delgado-Hernández, District Judge.

Plaintiff complains of discrimination on account of his race, national origin and age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and Puerto Rico law (Docket No. 1).[1] Before the court is defendants' "Motion to Dismiss" (Docket No. 10), which plaintiff opposed (Docket No. 11). For the reasons explained below, the motion is GRANTED and the case DISMISSED.

## I.    BACKGROUND

Plaintiff was employed with U.S. Customs and Border Protection ("CBP"), a federal agency under the control of the Department of Homeland Security (Docket No. 1 at ¶¶ 7, 20). On August 23, 2016, he initiated contact with an Equal Employment Opportunity ("EEO") counselor alleging that the CBP did not select him for several positions because of his race, color, national origin and age (Docket No. 1, Exhibit 1). On September 16, 2016, he filed a formal EEO complaint. Id. On February 28, 2017, the EEO office dismissed the complaint for failure to

---

[1] To wit, Puerto Rico Law 100 of June 30, 1959, P.R. Laws Ann. tit. 29 § 146 et seq., and Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31 § 5141.

comply with the applicable 45-day regulatory time limit for contacting an EEO counselor. Id. On January 2, 2017, plaintiff retired from his employment (Docket No. 1 at ¶¶ 5-10 ). On April 25, 2017, he initiated the present action, suing the CBP, the Department of Homeland Security, the Department's Secretary, the President, and Department of Justice and the United States Attorney's Office (Docket No. 1).[2] On August 15, 2017, defendants moved to dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (Docket No. 10).

## II.  STANDARD OF REVIEW

In considering a Rule 12(b)(1) motion, courts must credit plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor. Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010). If it appears to the court at any time that subject matter jurisdiction is lacking, it must dismiss the action. McCulloch v. Vélez, 364 F.3d 1, 5 (1st Cir. 2004). To survive a motion under Rule 12(b)(6), a complaint must allege a plausible entitlement to relief. Rodríguez-Vives v. Puerto Rico Firefighters Corps., 743 F.3d 278, 283 (1st Cir. 2014); Rodríguez-Reyes v. Molina-Rodríguez, 711 F.3d 49, 53 (1st Cir. 2013).

A determination of plausibility involves a context-specific task that requires courts to examine the complaint as a whole, separating factual allegations (which must be accepted as true) from conclusory legal allegations (which need not be credited). García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013); Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012). Should the factual content holistically permit the court to reasonably infer that the defendant is liable for the misconduct alleged, dismissal is not appropriate. Sepúlveda-Villarini v. Dept. of Educ. of P.R., 628 F.3d 25, 29 (1st Cir. 2010). If the factual allegations are too conclusory

---

[2] The proper party defendant is the head of the agency. See, Linares-Rosado v. Torres-Medina, 2012 WL 5199615, *2, *4 (D.P.R. Oct. 22, 2012)(so ruling in connection with Title VII and the Age Discrimination in Employment Act - "ADEA").

to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal. S.E.C. v. Tambone, 597 F.3d 436, 442 (1st Cir. 2010); Rodríguez-Reyes, 711 F.3d at 53.

### III. DISCUSSION

First, the Title VII action is untimely.[3] Title VII requires federal employees to exhaust administrative remedies before initiating a complaint of discrimination in federal court. See, McKinnon v. Kwong Wah Rest., 83 F.3d 498, 504 (1st Cir. 1996)(discussing requirement); Pagán v. United States, 2016 WL 3910260, *3-4 (D.P.R. July 14, 2016)(same). Employees must contact an EEOC counselor within 45 days of the matter alleged to be discriminatory or the effective date of the personnel action in question. See, Velázquez-Rivera v. Danzig, 234 F.3d 790, 794 (1st Cir. 2000)(so noting).

Failure to file a timely charge is not an absolute jurisdictional prerequisite to suit that would deprive courts of subject matter jurisdiction. See, Zipes v. Trans World Airlines, 455 U.S. 385, 393 (1982)(so holding). But it is no small matter, for it is a condition to the United States' waiver of sovereign immunity that must be strictly construed. See, Rodríguez v. United States, 852 F.3d 67, 79 (1st Cir. 2017)(acknowledging principle). So, with limited exceptions not present here,[4] failure to timely exhaust the administrative process bars the courthouse door. See, Franceschi, 514 F.3d at 85 (analyzing exhaustion).

---

[3] Plaintiff invoked Title VII complaining of race, national origin and age discrimination (Docket No. 1, pp. 11-12). Title VII prohibits discrimination in employment because of, *inter alia*, race and national origin. See, 42 U.S.C. § 2000e-16(a)(setting forth prohibition). It does not prohibit age discrimination. See, Stoll v. Principi, 2005 WL 4542884, *4 (D.P.R. Aug. 2, 2005)(so recognizing).

[4] Exceptions include waiver, estoppel, equitable tolling, and post-filing retaliation arising out of the administrative charge. See, Frederique-Alexandre, 478 F.3d 433, 440 (1st Cir. 2007)(recognizing exceptions); Franceschi v. United States VA, 514 F.3d 81, 85 (1st Cir. 2008)(same).

A purview of the allegations in the complaint and supporting documents confirm – and plaintiff does not dispute – the EEO's conclusion that the most recent alleged discriminatory event occurred on May 16, 2016. Nevertheless, plaintiff did not contact the EEO counselor until August 23, 2016, that is, 97 days later (52 days beyond the 45-day period). Moreover, he failed to explain the delay. In consequence, the Title VII claim must be dismissed. See, Román-Martínez v. Runyon, 100 F.3d 213, 217 (1st Cir. 1996)(dismissing claim for failure to contact an EEO counselor within 45-day period); Vázquez-Rivera v. Figueroa, 759 F.3d 44, 46 (1st Cir. 2014)(dismissal due to plaintiff's failure to exhaust remedies and demonstrate entitlement to equitable tolling).

Second, even though Title VII does not prohibit discrimination on account of age, the ADEA does. See, 29 U.S.C. 623(a)(1), 631 (a) (codifying prohibition). It is unclear whether plaintiff expressly referred to ADEA in his EEO complaint. But he administratively complained of age discrimination yet (1) did not comply with the 45-day limit to contact the EEO counselor, and (2) failed to excuse the delay, a fatal barrier to further litigation. Under the ADEA, federal employees may choose to bypass the administrative remedies stage and sue directly in federal district court. See, González-Pagán, 2016 WL 3910260, at *3-*4 (explaining and applying statutory and regulatory scheme). If the employee chooses to file an administrative complaint, however, administrative remedies must be exhausted before a suit may be filed in federal court. Id. In that case, contact with an EEOC counselor must be initiated within 45 days as discussed above. Id. See also, Betz v. Chertoff, 578 F.3d 929, 931-932, 937 (8th Cir. 2009)(dismissing ADEA claim for failure to comply with 45-day term).

Third, there is no authority to press claims under Law 100 and Article 1802 of the Civil Code, the two local statutes referred to in the Complaint. The only proper party defendant is the

Secretary of the Department of Homeland Security.[5]  That being so, the suit is against the United States, which has not waived its sovereign immunity for suits under Puerto Rico's laws.  See, Velázquez-Rivera, 234 F.3d at 795 (dismissing state claims on this basis).[6]

Plaintiff states the Complaint includes claims under the First, Fifth and Fourteenth Amendments to the Constitution; Section 1983 of the Civil Rights Act; the Americans with Disabilities Act ("ADA"); the Rehabilitation Act; Sections 4 and 7 of Article II of the Constitution of Puerto Rico; the Persons with Disabilities Act of Puerto Rico; and Articles 1802 and 1803 of the Puerto Rico Civil Code (Docket No. 11 at 2, 15-16).  Contrary to plaintiff's view, the Complaint is predicated on Title VII, Law 100 and Article 1802 (Docket No. 1 at 11-12).  See, "First Cause of Action" (Title VII, Law 100 and Article 1802), Id. at 11; "Second Cause of Action" (Title VII, Law 100 and Article 1802), Id. at 11-12; "Third Cause of Action" (Title VII, Law 100 and Article 1802), Id. at 12.  A plaintiff cannot add new claims to a complaint in opposition to a motion to dismiss.  See, Williams v. United States, 2017 WL 2275564, *2 (S.D. Ohio May 5, 2017), report and recommendation adopted, 2017 WL 2265591 (S.D. Ohio May 24, 2017).

At any rate, reliance on the First and Fifth Amendments does not breathe life into the federal employment discrimination claims by carving out additional paths to relief.  See, Vizcarrondo-González v. United States, 2017 WL 3242246, *4-*5 (D.P.R. July 28, 2017)

---

[5] See note 1.

[6] It is well settled that to expose the United States to suit, Congress must unequivocally waive sovereign immunity.  See, United States v. Michell, 445 U.S. 535, 538 (1980)(quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)).  Additionally, state claims arising out of the same conduct covered by federal employment discrimination statues are preempted, inasmuch as those statutes contain federal employees' exclusive remedies for employment discrimination.  See, Stoll, 2005 WL 4542884 at *5 (so concluding in context of ADEA and Rehabilitation Act with respect to Law 100 and wrongful discharge).  Puerto Rico follows a similar approach.  See, Santana-Colón v. Houghton Mifflin, 81 F.Supp.3d 129, 141 (D.P.R. 2014)(dismissing claim brought under Puerto Rico's general tort statute because the remedies available to the employee for violation of labor statutes are those set in the statute prohibiting the conduct complained of, and the pleadings did not reflect tortious conduct distinct from that covered by the specific labor laws that plaintiff invoked); Rivera v. Security National Life Insurance Co., 106 D.P.R. 517, 527 (1977)(remedial exclusivity bars employer liability unless plaintiff demonstrates tortious conduct other than violation of labor statutes).

(dismissing federal employee's employment discrimination claims under First and Fifth Amendments, given that Title VII provides both the exclusive cause of action and remedy for sex discrimination and retaliation upon which action was based); Tapia-Tapia v. Potter, 322 F.3d 742, 745 (1st Cir. 2003)(finding plaintiff's age discrimination allegations not justifiable when styled as constitutional claims because the ADEA provides the exclusive federal remedy for age discrimination in federal employment).

Further, assertion of the Fourteenth Amendment as a source of liability lacks foundation. The Amendment applies to states, not the federal government or individual federal employees. See, Vizcarrondo-González, 2017 WL 3242246 at *4 & n.9 (so recognizing)(citing in part San Francisco Arts & Athletics, Inc. v. United States Olympic Committee, 483 U.S. 522, 542, n.21 (1987)(Fourteenth Amendment applies to actions by a State) and Hall v. Mueller, 84 Fed.Appx. 814, 815-816 (9th Cir. 2003)(Fourteenth Amendment does not apply to federal government actors)).

Finally, the ADA provides no remedy to federal employees. See, Field v. Napolitano, 663 F.3d 505, 510 & n.6 (1st Cir. 2011)(so noting). Instead, the Rehabilitation Act covers those employees. Id. But it is subject to the 45-day exhaustion period. See, Hernández-Stella v. Shinseki, 978 F.Supp.2d 105, 112 (D.P.R. 2013)(applying exhaustion requirement to Rehabilitation Act claim); Linares-Rosado, 2012 WL 5199615 at *4-5 (same).[7] As discussed above, plaintiff failed to comply with the requirement without excusing the noncompliance. In like manner, the proper party defendant under the Rehabilitation Act is the Secretary of Homeland

---

[7] The First Circuit has assumed without definitely deciding that the Rehabilitation Act requires federal employees wishing to bring suit under the statute to first exhaust administrative remedies. See, Vázquez-Rivera v. Figueroa, 759 F.3d 44, 48 & n.2 (1st Cir. 2014)(discussing issue while pointing out that circuits have uniformly held the statute is subject to the exhaustion requirement).

Security. See, Stool, 2005 WL 4542884 at *5 (concluding that Rehabilitation Act claims must be brought against the head of the department, agency or unit as appropriate). Considering that the suit is one against the United States, which as mentioned earlier, has not waived sovereign immunity for suit under Puerto Rico's laws, the local provisions cannot be invoked as a substantive source of liability here.

## IV. CONCLUSION

In view of the foregoing, the motion to dismiss at Docket No. 10 is GRANTED and the Complaint DISMISSED. Judgment shall be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this 27th day of November, 2017.

> s/Pedro A. Delgado-Hernández
> PEDRO A. DELGADO HERNANDEZ
> U.S. DISTRICT JUDGE